IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HUNYADY, | Civil Division |
| Plaintiff, | No. 2:23-cv-206 |
| v. | |
| MEYERS RV d/b/a MEYERS I-79 RV SALES, | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Daniel Hunyady, by undersigned counsel files this Civil Complaint and alleges the following:

### I. Jurisdiction

1. The jurisdiction of the Court invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and 28 U.S.C. §§1331 and 1343(a)(4).

2. Plaintiff has satisfied all administrative prerequisites to suit under Title VII and the PHRA in that:

   a. He filed a timely Charge of Discrimination alleging retaliation for with the Equal Employment Opportunity Commission on March 24, 2022 and cross filed with the Pennsylvania Human Relations Commission.

   b. The EEOC issued a Notice of Right to Sue on January 19, 2023; and

   c. This Complaint is filed within 90 days of receipt of that notice.

### II. The Parties

3. Plaintiff Daniel Hunyady resides at 172 Maple Ridge Road, Greensboro, Greene County, PA 15338.

4. Defendant Meyers RV d/b/a Meyers I-79 RV Sales, with a place of business is 102

Free Soil Road, Greene County, Mt. Morris, PA 15349. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e(b).At all times relevant hereto it was Hunyady's employer.

5. At all times relevant hereto, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

## II. Factual Background

6. Hunyady is a 43-year-old man who worked for Defendant as General Service Manager since December 20, 2021.

7. John Park, a sales manager at Defendant's Apollo location, sexually harassed an employee, Brooke.

8. Brooke worked with Mr. Park at Defendant's Apollo location, but she also assisted the Mt. Morris location, where Mr. Hunyady worked, with warranty work.

9. On March 3, 2022, Brooke's first day at Mt. Morris, Brooke reported the sexual harassment to some of the front office employees, including employee, Chad Glover, and to Mr. Hunyady.

10. Brooke looked distressed the entire day she worked at Mr. Hunyady's location.

11. Mr. Park told Brooke that "the only reason she wanted to go to the Mt. Morris location was to f**k Chad and the other guys."

12. The next morning, Mr. Hunyady went into his office to figure out how to help Brooke. The company handbook was old and the Human Resource contact in the handbook no longer worked with the company.

13. On March 8, 2022, Mr. Hunyady went to Matt Burke, the Service Manager in the

New York corporate office for guidance. Mr. Burke advised Mr. Hunyady to speak with Katelyn Farley, the head of Human Resources in the New York corporate office.

14. Mr. Hunyady then emailed Ms. Farley to discuss the incident. Ms. Farley called Mr. Hunyady later that day with Mark Calzone, the owner, praising Mr. Hunyady for "doing the right thing" and assuring him that they would handle this situation.

15. However, on March 14, Mr. Calzone called Mr. Hunyady to allege that the allegations were a conspiracy that Mr. Hunyady created, accusing Mr. Hunyady of lying, and to terminate him immediately for making such allegations.

16. Mr. Hunyady was told to leave immediately and return all company property without any further explanation.

## Count I
## Title VII Retaliation

17. Plaintiff incorporates by reference the allegations in paragraphs 1 through 16, as if fully restated.

18. Defendant fired Hunyady because he opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a)(1), and therefore violated 42 U.S.C. §2000e-3(a).

19. Defendant's discharge of Hunyady was undertaken with malice and/or reckless indifference to Hunyady's federally protected right to oppose sex discrimination and sexual harassment in the workplace.

20. As a direct and proximate result of Defendant's actions, Plaintiff sustained lost wages, as well as emotional distress, inconvenience and humiliation.

WHEREFORE, Hunyady demands judgment against Defendant and the following relief:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b. That Defendant be ordered to reinstate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

c. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discharge in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d. That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII;

e. That the Court award Plaintiff punitive damages;

f. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h. That the Court grant Hunyady additional relief as may be just and proper.

Respectfully submitted,

**Edgar Snyder & Associates**

/s/ *John E. Black, III*
John E. Black, III
PA I.D. No. 83727
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446
(412) 391-2180 (Fax)
jblack@edgarsnyder.com

Attorney for Plaintiff